IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01619-BNB

MICHAEL K. SMITH,

    Plaintiff,

v.

DR. ANTHONY YOUNG, Parole Board Chairman,
JOHN M. O'DELL, Parole Board Member,
MICHAEL E. ANDERSON, Parole Board Member,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Michael K. Smith, was in the custody of the Colorado Department of Corrections (DOC) and incarcerated at the Trinidad Correctional Facility in Trinidad, Colorado, when this action was initiated. He has since been released on parole. Mr. Smith has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution were violated in connection with a deferral of his parole review date.

    Mr. Smith has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 with payment of an initial partial filing fee. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

    The Court must construe Mr. Smith's filings liberally because he is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.* For the reasons set forth below, the Complaint and the action will be dismissed.

Mr. Smith alleges in his Complaint that Defendant Anderson conducted a parole hearing on April 19, 2011. The following day, Plaintiff received a copy of the Notice of Parole Board action deferring his parole review until August 2012. Mr. Smith alleges that Defendant Anderson's decision, which was sanctioned by Defendant O'Dell, violates COLO.REV.STAT. § 17-22.5-403 (2011). Mr. Smith further alleges that Defendant Young was advised of the state statutory violation and refused to correct it. Plaintiff requests monetary relief from each Defendant and also asks the Court to terminate his parole and order that his sentence be discharged.

Mr. Smith's constitutional claim challenging the deferment of his parole review date is barred by the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck,* the United States Supreme Court held that if a judgment for damages favorable to a plaintiff in a § 1983 action necessarily would imply the invalidity of the plaintiff's criminal conviction or sentence, the § 1983 action does not arise until the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by a federal court's

issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87. The *Heck* rule applies to proceedings that call into question the fact or duration of parole. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996). In short, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

A judgment in Mr. Smith's favor in this action necessarily would imply the invalidity of the deferred parole review action of which he complains. Upholding his allegations related to the illegality of the Defendants' actions would undermine the validity of his current parole period, and they are therefore barred by *Heck* and *Crow*. *Cf. Scott v. Urlich*, No. 09-1243, 370 F. App'x 970, 970-71 (10th Cir. Apr. 2, 2010) (unpublished) (affirming district court's order dismissing claim challenging parole board's decision to delay prisoner's release on parole as barred by *Heck*). Mr. Smith may not seek monetary or injunctive relief under the federal civil rights statutes for the deferment of his parole review until he has invalidated the decision(s) by the parole board. Mr. Smith does not allege or otherwise demonstrate that the Defendants' decision has been invalidated.

Plaintiff's claims challenging his deferred parole review proceeding are only cognizable in a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (prisoner challenging the fact or duration of his sentence must seek habeas corpus relief); *Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005). A prisoner's challenge to the execution of his sentence, including the deferment of parole review, must be raised

in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir.1997); *see also United States v. Furman*, 112 F.3d 435, 438 (10th Cir.1997) (noting that issues concerning "parole procedure[ ] go to the execution of sentence and, thus, should be brought against defendant's custodian under 28 U.S.C. § 2241"). Further, Mr. Smith requests immediate discharge from his sentence, a remedy that is only available in habeas corpus. *See Preiser*, 411 at 500. Because Mr. Smith is on parole and is still serving his sentence, he meets the "in custody" requirement for federal habeas review. *See Jones v. Cunningham*, 371 U.S. 236, 241-43 (1963); *see also Cohen v. Longshore*, 621 F.3d 1311, 1315-17 (10th Cir. 2010) (*Heck* rule is limited to prisoners who are "in custody" and therefore are able to seek such review, citing *Spencer v. Kemna*, 423 U.S. 1, 21 (Souter, J., concurring)).

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996). It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Plaintiff has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  Mr. Calderon may file a motion in the Tenth Circuit Court of Appeals.

DATED at Denver, Colorado, this   8th   day of    August   , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court